| | | |
|---|---|---|
| EMILE J. BEAUCAGE, III, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-326-JAW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

In this Social Security Disability ("SSD") and Supplemental Security Income ("SSI")

appeal, the plaintiff contends that the Decision Review Board erred when it refused to consider

medical records that he submitted after the administrative law judge had issued her decision and

that the administrative law judge erred in finding that the plaintiff had the residual functional

capacity ("RFC") to perform the full range of work at the light exertional level. I recommend

that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R.

§§ 404.1520, 415.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st

Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from

degenerative disc disease of the spine, major depression, and cannabis abuse, impairments that

were severe but which, considered separately or in combination, did not meet or medically equal

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to rile an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 14, 2011, pursuant to Local Rule 16.3(a)(2)(C),

the criteria of any impairment included in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 47; that the plaintiff retained the RFC to perform light work, except that he was limited to unskilled, routine, repetitive tasks with consistency of tasks from day to day and, within this context, he could maintain pace, persistence, focus, concentration, and attention, and tolerate stress, could sit, stand, and/or walk six hours in an eight-hour workday, with the opportunity to stand at will, could occasionally climb stairs and ramps but must not climb ladders, ropes, and scaffolds, could occasionally balance, stoop, kneel, and crouch, but must never crawl, must avoid irregular and uneven walking surfaces and physically challenging terrain, and must avoid any vibratory activity or activity that jolts the body, Finding 5, *id*. at 49; that he was unable to perform his past relevant work, Finding 6, *id*. at 53; that, given his age (45 on the alleged date of onset of his disability), limited education, work experience, and RFC, use of Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making led to the conclusion that jobs that the plaintiff could perform existed in significant numbers in the national economy, Findings 7-10, *id*. at 54; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset, November 21, 2006, through the date of the decision, April 12, 2010, Finding 11, *id*. at 55. The Decision Review Board affirmed the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as

adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A. Late-Filed Evidence

The plaintiff first contends that the Decision Review Board wrongly refused to consider a "treating source statement" dated February 2, 2010, from Dr. Stephanie Waecker, his primary care physician, that his attorney inadvertently failed to file until June 10, 2010,[2] after he had appealed the administrative law judge's decision. [Itemized Statement,] Docket No. 12, at 1. The hearing before the administrative law judge was held on March 17, 2010. Record at 57. The administrative law judge sent the plaintiff a notice dated April 12, 2010, of her unfavorable decision and the fact that the Decision Review Board had selected the claim for further review. Record at 41. The notice informed the plaintiff that the Decision Review Board

> will accept new evidence if you show there is a reasonable probability
> that the evidence, alone or considered with other evidence in the record,
> would change the outcome of the decision, and (1) our actions misled
> you; (2) you had a physical, mental, educational, or linguistic limitation
> that prevented you from submitting the evidence earlier; or (3) some
> other unusual, unexpected or unavoidable  circumstances beyond your

---

[2] The Itemized Statement gives this date. The date of the letter submitting the treating source statement to the Decision Review Board is May 11, 2010. Record at 9. Nothing turns on the discrepancy.

control prevented you from submitting the evidence earlier. If you think that your new evidence meets these requirements and want the Board to consider the evidence, you should send it to the Board within 30 days of your receipt of this notice.

*Id*. at 41-42.

The plaintiff's attorney submitted a letter to the Decision Review Board, dated April 30, 2010, asserting that the administrative law judge's notice was not received until April 22, 2010, and arguing, *inter alia*, that the administrative law judge had wrongly failed to consider the treating source statement of Dr. Waecker. Record at 32. The plaintiff's attorney first attempted to submit the treating source statement to the administrative law judge by a letter dated May 11, 2010, in which he explained that a staff person in his office mistakenly failed to file the statement with other records timely submitted by his firm and that he himself had not discovered this oversight until after he filed the April 30 letter. *Id*. at 10-11.

The plaintiff now contends that Dr. Waecker's statement would change the outcome of the administrative law judge's decision because the doctor, his primary care physician, limited him in that statement to half-time sedentary work with the following additional limitations not included in the RFC assigned to him in the administrative law judge's opinion: avoid overhead work, pushing or pulling, twisting, and bending and allow unscheduled and scheduled breaks for rest, stretching, and pain relief. Itemized Statement at 7. The other 11 enumerated alleged "differences" in Dr. Waecker's statement, *id*. at 7-8, are not in fact different; the language of the administrative law judge's opinion easily encompasses them.

Before the court considers this argument, however, the plaintiff must demonstrate that one or more of the conditions listed in the administrative law judge's letter and in 20 C.F.R. § 405.373(b) and (d) was also met. Here, the plaintiff contends that the explanation of the fact that the statement was not submitted until 30 days after the date of the notice of the administrative

4

law judge's opinion and of the selection of that opinion for review by the Decision Review Board meets "[t]he exception to the general rule, set forth in 20 C.F.R. § 405.373(b)(3)." *Id*. at 7. That "exception" is a showing of a reasonable probability that "[s]ome other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier." 20 C.F.R. § 405.373(b)(3).

This court has previously held that a "miscommunication between counsel and his staff," which is the circumstance described here, Record at 10-11, "does not demonstrate prevention of timely filing on account of an 'unusual, unexpected, or unavoidable circumstance beyond [the plaintiff's or counsel['s] control.'" *Black v. Astrue*, No. 1:10-cv-175-JAW, 2011 WL 1226027, at *5 (D. Me. Mar. 29, 2011), rec. dec. *aff'd* April 18, 2011 (Docket No. 21). I see no reason to decide this case any differently.

At oral argument, the plaintiff's attorney pointed to the following exchange between the plaintiff's then-attorney and the administrative law judge at the hearing:

> ALJ: . . . And Mr. Miller [plaintiff's representative], did you have an opportunity to review the proposed identified Exhibits 1A to 6A, 1B through 16B, 1D through 12D, 1E through 15E and 1F through 19F?
>
> ATTY: Yes, Judge. I have no objections to any of those. Thank you.
> ALJ: Thank you. So without objection they are so admitted.
> * * *
> And Mr. Miller, are there any preliminary matters we need to address or did you wish to present a brief opening statement?
>
> ATTY: . . . I just wanted to point out we do have a treating sources statement from his spinal orthopedic specialist, Stephanie Wa[e]cker (Phonetic), D.O. Sorry, I'm not remembering exactly where that is, but let's see.
>
> ALJ: So 10F perhaps?
>
> ATTY: 10F? That's treatment ---

5

ALJ:  But I do know what you mean

.

ATTY:  You do.  It's 12F.  No, I'm sorry.

ALJ:  That was ---

ATTY:  No, no; that's my mistake, my mistake.

ALJ:  Yep, it is 10F.  I just opened it.

ATTY:  Okay.  Thank you. Good enough.  That's all I have.

Record at 60-62.  The plaintiff's attorney asserted at oral argument that, because the plaintiff's attorney had specifically referred to the unsubmitted document in his pre-hearing brief and because the administrative law judge "acted as if she had admitted it," even though she was actually referring to earlier records from Dr. Waecker, the document was "*de facto* admitted and made part of the hearing record."  He said that this result is "logical," although he could cite no authority for it.

As counsel for the commissioner correctly pointed out in her oral argument, this claim was not raised in the plaintiff's itemized statement and thus will not be considered by the court. *Hicks v. Astrue*, Civil No. 09-393-P-S, 2010 WL 2605671, at *3 n.3 (D. Me. June 23, 2010). Moreover, were the argument properly before me, I would reject it.  All that the plaintiff's representative had to do at the hearing to clear up any confusion was to look at Exhibits 10F and 12F; neither is the statement at issue, which eventually became Exhibit DRB-1.  Record at 26-30. Under these circumstances, it cannot be said that the administrative law judge's colloquy "misled" counsel, as that term is used in 20 C.F.R. § 405.373.

I also note that, were I to reach the additional requirement of the regulation that the evidence would change the outcome of the decision, the plaintiff incorrectly asserts that reversal for consideration of Dr. Waecker's statement is required because it was made one year later and

in greater detail than any other statements in the record from Dr. Waecker about the plaintiff's limitations. Itemized Statement at 9-10. That is simply not enough to meet the requirement that the plaintiff show that there is a reasonable probability (not possibility) that the statement would change the outcome of the administrative law judge's opinion. One of the reasons given by the administrative law judge for rejecting Dr. Waecker's earlier opinions, which were generally to the same effect as those recorded on the statement at issue, was that they were "inconsistent with the VA physiatrist consultation and examination and opinion of Dr. Ross (Exhibit 6F, p.3)." Record at 52. That distinction would be unchanged.

Nothing in *Garcia v. Astrue*, Civil No. 3:09-CV-319 (CFD) (TPS), 2010 WL 1072350 (D. Conn. Feb. 18, 2010), the only authority cited by the plaintiff, Itemized Statement at 5, requires a different result. No reversible error in the refusal of the Decision Review Board to consider Dr. Waecker's late-submitted statement, Record at 1, has been demonstrated.

**B. Light Duty Work**

The plaintiff states his second, and final, challenge the following: "The ALJ erred in finding that the Plaintiff has the residual functional capacity to perform the full range of light duty work." Itemized Statement at 4, 10. To begin, the administrative law judge did not find that the plaintiff had the RFC "to perform the full range of light duty work." An ability to perform a "full range" of work at a given exertional level is an ability to perform at that level without any significant limitations. *See* Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2010-2011), at 146 ["[I]n order for an individual to do a full range of work at a given exertional level, such as sedentary, the individual must be able to perform substantially all of the exertional and nonexertional functions required in work at that level."]. There is no sense in which an RFC at any exertional level with the numerous

7

limitations found here, Record at 49, may be considered an RFC for the full range of work at that level.

The substance of the plaintiff's claim in this section of his itemized statement is two-fold. First, he argues that, because Dr. Waecker's late-filed statement limits him to sedentary, part-time work, the administrative law judge's RFC must be fatally flawed. However, this argument assumes both that the Decision Review Board was required to consider Dr. Waecker's statement and that it was required to give the opinions expressed in that statement controlling weight, even though Dr. Waecker's conclusions are inconsistent with other medical evidence in the record, as noted by the administrative law judge in her opinion. I have rejected the first assumption for the reasons stated above, and the plaintiff has made no effort to substantiate the second assumption. The plaintiff takes nothing by this argument.

The plaintiff's second argument is that the administrative law judge could not, as a matter of law, rely on the vocational expert's testimony because the vocational expert did not testify unequivocally that the available jobs he identified in response to the administrative law judge's hypothetical question would allow for sitting and standing at will, but only said that the jobs "can and may" allow for this option and that he could not "say for sure."[3] Itemized Statement at 11-12. He cites Social Security Ruling 96-9p, without a pinpoint citation, and *Staples v. Astrue*, Civil No. 08-200-B-W, 2009 WL 232496 (D. Me. Jan. 29, 2009), rec. dec. *aff'd* February 19, 2009 (Docket No. 15), as authority for this position, but neither actually supports it. Indeed, the cited Ruling states, under the heading "Use of Vocational Resources," that a vocational expert may be asked to provide "examples of occupations the individual *may* be able to perform[.]"

---

[3] What the vocational expert actually said in his testimony was that he could not "say for sure" that the production job or jobs he listed would allow a sit/stand option, because that "depend[s] upon the employer basically." Record at 89. But the parking station attendant job, the first of the three listed in the administrative law judge's opinion, *id.* at 88, cannot reasonably be characterized as a "production job." For this reason as well, the plaintiff fails to show that he is entitled to remand on the basis of his second asserted error.

Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings

(Supp. 2010-2011), at 161 (emphasis added).

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be

**AFFIRMED.**

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 29th day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge
